UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RANDALL R. NEUHAUSSER        :
                             :    NO. 1:98-CR-0048 (1)
     Petitioner,             :    NO. 1:08-CV-0638
                             :
                             :    **OPINION AND ORDER**
  v.                         :
                             :
                             :
UNITED STATES OF AMERICA,    :
                             :
     Respondent.             :
                             :

This matter is before the Court on the Petitioner Randall R. Neuhausser's ("Petitioner") Petition for the Writ of <u>Audita Querela</u> (doc. 338), the Government's Response thereto (doc. 341) and Petitioner's Traverse Brief in Support of Petition for the Writ of <u>Audita Querela</u> (doc. 348). Also before the Court is a Motion for Leave to File Brief of <u>Amicus Curiae</u> in Support of Petitioner's Application for a Writ of <u>Audita Querela</u> (doc. 343), the Government's Objection thereto (doc. 344), and Petitioner's Response to Government's Objection (doc. 347). For the reasons indicated herein, the Court DENIES Petitioner's Application for the Writ of <u>Audita Querela</u>, but GRANTS the Motion for Leave to File Brief of <u>Amicus Curiae</u>.

I.  **Background**

On April 16, 1998, Petitioner was indicted on charges of conspiracy to possess with intent to distribute marijuana and

cocaine in violation of 21 U.S.C. § 841(a)(1) (doc. 338). Petitioner and others were convicted in 1998 after a trial on the charges set forth in the indictment (doc. 341). On June 3, 1999 Petitioner was sentenced to 360 months of imprisonment, a ten-year period of supervised release, and a $25,000 fine (Id.). This range was reached according to the amount of drugs involved in Petitioner's case, his leadership role in the offense, and his prior convictions (Id.). On determining that Petitioner's offense level was 40 and his criminal history was category IV, the District Court found that the appropriate sentencing range under the Sentencing Guidelines was 360 months to life, and elected to sentence Neuhausser at the low end of this range (Id.).

Petitioner appealed his sentence to the Sixth Circuit Court of Appeals using an Apprendi-related argument that his sentence was improper (Id.). The appeal was denied, and the Court of Appeals subsequently denied his petition for rehearing en banc, and affirmed his conviction and sentence. United States v. Neuhausser, 241 F.3d 460 (6th Cir. 2001). Petitioner's petition for certiorari was also denied by the United States Supreme Court. 534 U.S. 879,(2001). Petitioner then filed a 28 U.S.C. § 2255 petition claiming ineffective assistance of counsel (doc. 287). The petition was denied by this Court (doc. 298). Various motions for certificates of appealability and for reconsideration of the denial of the § 2255 order were also denied (doc. 341).

On September 8, 2008, Petitioner filed the instant motion before the Court as a petition for a Writ of Audita Querela (doc. 338). On October 2, 2008, the Government set forth its response to said petition (doc. 341).

**II. Discussion**

   **A. The Common Law Writ of Audita Querela**

The Writ of Audita Querela, Latin for "the complaint having been heard," is an ancient writ used to challenge a judgment that, while justified at the time it was rendered, has been placed in question by subsequently discovered evidence or by a new legal defense. Gore v. United States, 2009 WL 512160 (D.N.J. Feb. 27, 2009). The Writ has been abolished by the Federal Rules of Civil Procedure, but the remedy can still be sought in federal criminal cases, generally pursuant to the All Writs Act, 28 U.S.C. § 1651. See Fed R. Civ. P. 60(e); Doe v. I.N.S., 120 F.3d 200, 203 (9th Cir. 1997); United States v. Johnson, 962 F.2d 579, 583 (7th Cir. 1992). The Writ should only be granted where there is legal, rather than an equitable, objection to a conviction that has arisen subsequent to the conviction and is not redressable by another post-conviction remedy. See Muirhead v. Attorney Gen. Of U.S., 262 F. App'x 473, 474 (3d Cir.2008); United States v. LaPlante, 57 F.3d 252,253 (2d Cir.1995).

   **B. Petitioner's Motion**

Petitioner argues that a Writ of Audita Querela should be

issued in order for this Court to resentence him because his current sentence is "grossly disprotionate to the offense and jury's findings" (doc. 338).  Petitioner claims that facts which contributed to his sentence were not found by the jury beyond a reasonable doubt, but were instead found by the trial court under the preponderance of the evidence standard (Id.).  Using the Supreme Court's line of rulings (Apprendi v. New Jersey, 530 U.S. 466 (2000); Blakely v. Washington, 542 U.S. 2531 (2004); and United States v. Booker, 125 S.Ct. 738 (2005)), Petitioner argues that this method of sentencing was unconstitutional and therefore, he asks this Court to issue the Writ of Audita Querela so he can be resentenced using the advisory guidelines pursuant to Booker (doc. 338).

Petitioner states four arguments for why a Writ of Audita Querela should issue.  First, Petitioner argues that the Writ "may be available to remedy an injustice in criminal cases when no other remedy is available, if the petitioner can demonstrate an injustice or legal defense to his sentence" (Id.).  Petitioner relies on the Sixth Circuit case Ejelonu v. I.N.S., 355 F.3d 539 (6th Cir. 2004) for the proposition that the Writ be available to "fill in the gap of federal post-conviction remedies" (doc. 338).  Petitioner concedes that the Ninth Circuit dealt with a similar petition for a Writ of Audita Querela in the case of United States v. Valdez-Pacheco, 237 F.3d 1077 (9th Cir. 2001), and that the Court of

-4-

Appeals denied the request (Id.). Nonetheless, Petitioner distinguishes the case at bar from Valdez-Pacheco, arguing that the defendant in that case sought his Writ "based on three-claims that could have been raised, or were raised on direct appeal, or in earlier post-conviction attacks" (Id.). In contrast, Petitioner claims that issuance of the Writ is proper because his petition "is based on a new rule of law, unavailable to him at the time of his sentence in 1999, and unavailable to him until the court issued its decision in Booker in January of 2005"(Id.).

Second, Petitioner argues that his sentence fits within the holding of Booker, and that Booker should be applied retroactively to the present case under the Fifth Amendment (Id.).

Third, Petitioner argues that he can overcome the restrictions the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") places upon filing second or successive § 2255 motions without first obtaining leave from the appropriate Court of Appeals (Id.). Petitioner contends that no basis exists for construing his request for a Writ of Audita Querela as a § 2255 motion because his requested relief is "part of the original criminal action, and should not be characterized as a civil action by the District Court" (Id.). In support of this argument, Petitioner cites the Supreme Court decision of United States v. Morgan, 346 U.S. 502 (1954) where the Court distinguished a § 2255 motion from a Writ of Error Coram Nobis (Id.). Petitioner further

-5-

adds that no appropriate rationale exists for this Court to re-characterize this pleading as a § 2255 motion (Id.).

Finally, Petitioner argues that he is entitled to relief under all circumstances (Id.). Petitioner cites Kessack v. United States, 2008 WL 189679 (W.D. Wash. January 18, 2008), where a District Court declined to construe a petition for a Writ of Audita Querela as a § 2255 motion under similar circumstances as the present case (Id.). The Kessack court ordered that the petitioner be resentenced because "Booker announced a new rule of constitutional law that was unforeseeable at the time of his sentencing, appeal, and habeas petitions." Kessack, 2008 WL 189679 at *5. Petitioner seizes upon this language, and urges this Court to follow the lead of the Kessack court in ruling that the "Writ of Audita Qurela was proper to remedy a grave injustice" (Id.).

The government responds that for all intensive purposes, Petitioner's motion is a second or successive § 2255 petition (doc. 341). The government argues that Petitioner has not sought or obtained permission from the Sixth Circuit in order to file a second or successive habeas petition, and would be unable to do so because his claim does not involve a new rule of constitutional law that has specifically been made retroactive by the Supreme Court (Id.). The government further argues that as the Sixth Circuit makes clear in In re: Sims, 111 F.3d 45 (6th Cir. 1997), a claim "challenging a sentence under the Guidelines must fail because

Booker's holding that the Guidelines are advisory was not made retroactive to cases on collateral review" (Id.).

The government next argues that Petitioner's reliance upon the All Writs Act, 28 U.S.C. § 1651, and on the case of United States v. Morgan for the proposition that this Court can adjudicate his motion on the merits, in spite of the limitations of successive § 2255 petitions, is misplaced (Id.). The government argues that the Sixth Circuit, in United States v. Johnson, 237 F.3d 751 (6th Cir. 2001), has stated that a prisoner in custody may not seek relief under the All Writs Act even if § 2255 is no longer available (Id.). Concerning Morgan, the government distinguishes the facts of the present case by stating that unlike Morgan, who was in state custody when he sought jurisdiction under the All Writs Act, Petitioner was in federal custody and therefore subject to the Rules governing § 2255 and the limitations of the AEDPA (Id.).

Finally, the government takes issue with Petitioner's reliance upon Kessack v. United States, stating that it "is a lone and aberrant decision, and was wrongly decided" (Id.). Unlike Kessack, the government argues that the majority of courts considering petitions similar to the instant motion have held that such petitions are actually successive § 2255 petitions in disguise (Id.). In support of this argument, the government cites United States v. Herrera, 2008 WL 4060168 (10th Cir. September 3,

2008), where the Tenth Circuit construed the petition for a Writ of Audita Querela as an implied application for authorization to file a second § 2255 motion (Id.). The government also cites a Seventh Circuit decision, In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998), where the court stated "it would be senseless to suppose that Congress permitted [prisoners who were foreclosed from § 2255 by the AEDPA} to pass through the closed door [by way of the All Writs Act] simply by changing the number [2255] to 1651 on their motions." For the above reasons, the government urges this Court to deny Petitioner's requested relief, and to treat Petitioner's petition as a § 2255 motion (doc. 341).

**C. Motion For Leave To File Brief of Amicus Curiae**

The Law Offices of Robert A. Ratliff petitioned to file an amicus curiae brief in support of Petitioner's request for Writ of Audita Querela, stating that the issuance of the Writ is necessary to serve the needs of justice (doc. 343). Mr. Ratliff maintains that his interest in this case arises from his Law Offices' "central organizational and professional mission: to promote, defend, and preserve the individual rights and liberties guaranteed to every person in this country by the Constitution and laws of the United States" (Id.).

The government objects to the filing of the amicus curiae brief, claiming that Mr. Ratliff's interest in the case rests solely upon the fact that his law firm would benefit if this Court

granted a Writ of Audita Querela (doc. 344).

**III. Analysis**

For the following reasons, this Court finds that Petitioner's motion constitutes a second or successive habeas petition, which is governed by 28 U.S.C. §§ 2255 and 2244. Therefore, this Court does not have jurisdiction to weigh Petitioner's claims for relief, and hereby DENIES Petitioner's motion.

**A. Habeas Motions Under 28 U.S.C. § 2255**

Motions pursuant to § 2255 are the presumptive means for a federal prisoner to challenge his conviction or sentence as allegedly in violation of the Constitution. Davis v. United States, 417 U.S. 333, 343 (1974). A federal prisoner can move the court which imposed his sentence to vacate, set aside, or correct the sentence if the court finds that "judgement was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack."  28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) set forth strict limitations upon prisoners attempting to file a second or successive § 2255 petition.  To fulfill these requirements, the appropriate Court of Appeals must certify that a

prisoner's petition contains (1) newly discovered evidence or (2) a new rule of constitutional law made retroactive by the Supreme Court to cases on collateral review.  28 U.S.C. § 2255(h). If the Court of Appeals has not authorized a second or successive § 2255 petition, then the District Court lacks the subject matter jurisdiction required to consider the petitioner's requested relief.  Robinson v. Johnson, 313 F.3d 128, 138 (3d Cir. 2002).

While Petitioner sets forth a colorable argument for why his petition for the Writ of Audita Querela should not be considered as a second or successive § 2255 petition, it is this Court's opinion that his petition be treated as such.  This Court believes it to be inappropriate to allow a Writ of *Audita Querela* to be granted when habeas relief is otherwise cognizable under § 2255.  *See* Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007), United States v. Torres, 282 F.3d 1241, 1245 (10th Cir. 2002); United States v. Valdez-Pacheco, 237 F.3d 1077, 1080 (9th Cir. 2001).  Petitioner's requested relief, a correction of his sentence, is precisely the type of relief granted by a § 2255 petition.  The fact that Petitioner was found ineligible to receive relief under § 2255 does not render the statute ineffective or inadequate so as to allow the issuance of the Writ of Audita Querela. In re Jones, 226 F.3d 328, 333 (4th Cir. 2000).

Petitioner argues that this Court should look to Kessack v. United States for the proposition that his Writ of Audita

-10-

Querela should not be construed as a § 2255 petition. Relying upon Kessack, it is Petitioner's contention that his circumstances present the type of extraordinary situation which allows for the issuance of a Writ of Audita Querela because Booker announced a new rule of constitutional law that was unforeseeable at the time of his sentencing, appeal, and Habeas petitions. Petitioner's argument may well be colorable, and the Sixth Circuit Court of Appeals may be inclined to consider its merits. However, the Kessack holding does not change this Court's view that Petitioner's requested relief should be construed as a successive § 2255 petition. First, Kessack is non-binding upon this Court, and was decided due to "truly unique" facts, which this Court does not consider to be at issue in the present case. Second, this Court believes that the reasoning of the clear majority of courts which have construed Writs of Audita Querela as successive § 2255 petitions is much stronger. Furthermore, this Court is bound by the fact that Booker does not apply retroactively to cases on collateral review. Humphress v. United States, 398 F.3d 855 (6th Cir. 2005).

Because Petitioner seeks relief based upon the merits of this Court's prior decision regarding his original § 2255 petition, the Court concludes that his present petition is indistinguishable from a second or successive habeas petition.

**B. Jurisdiction**

-11-

Petitioner may not file a second or successive habeas petition or motion to vacate without receiving permission to file such motion from the court of appeals. In re Green, 144 F.3d 384, 388 (6th Cir. 1998); Casey v. Heminqway, 42 Fed. Appx. 674 (6th Cir. 2002). Having reviewed this matter, the Court determines that Petitioner seeks to file a second or successive habeas petition. Because Petitioner failed to seek permission from the Court of Appeals prior to filing his motion, Petitioner's motion is not properly before the Court.

**IV. Conclusion**

For the reasons stated herein, Petitioner's Petition for the Writ of Audita Querela is hereby DENIED and is transferred to the Sixth Circuit Court of Appeals. In re Sims, 111 F.3d 45, 47 (6th Cir. 1997) ("District courts should transfer cases to this court whenever prisoners seek to file a second or successive habeas petition or motion to vacate, so this court can consider granting the prisoner permission to file the second or successive application under 28 U.S.C. §§ 2244 or 2255"). However, this Court GRANTS the Motion to file brief of Amicus Curiae.

SO ORDERED.


Dated: April 8, 2009 /s/ S. Arthur Spiegel
S. Arthur Spiegel
United States Senior District Judge